Filed 5/31/16  P. v. Williams CA2/3

## **NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BILLY WILLIAMS,<br><br>Defendant and Appellant. | B263337<br><br>(Los Angeles County<br>Super. Ct. No. BA420442-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Edmund W. Clarke, Jr., Judge.  Affirmed.

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## DISCUSSION

Pursuant to a plea bargain, defendant Billy Williams pled no contest to possessing a firearm by a convicted felon. (Pen. Code,[1] § 29800, subd. (a)(1).) He also admitted a prior strike conviction. Defendant was then sentenced to prison for the agreed-to term of four years. Thereafter, he petitioned for resentencing under Proposition 47 (§ 1170.18). The trial court denied defendant's petition, concluding he was ineligible for resentencing. He appeals from that order.

Defendant's appointed appellate counsel filed a brief in which he raised no issues and asked us to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We notified defendant that his counsel had failed to find any arguable issues and that he could submit by brief or letter any contentions or arguments he wished this court to consider. In a supplemental letter brief, defendant contends that his conviction for possessing a firearm should be eligible under Proposition 47 because the offense is a "non-violent, non-serious crime involving passive conduct." Defendant also contends that the omission of section 29800 from the list of eligible offenses in section 1170.18, subdivision (a), violates his state and federal constitutional rights to equal protection. We disagree.

Proposition 47, embodied, in part, in section 1170.18, provides, as is pertinent here, "(a) A person currently serving a sentence for a conviction . . . of a felony . . . who would have been guilty of a misdemeanor under the act . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." None of those sections apply to the crime of possessing a firearm by a convicted felon. Therefore, defendant is not eligible for resentencing as a misdemeanant under section 1170.18. Given the foregoing, the facts

---

[1] All undesignated statutory references are to the Penal Code.

surrounding defendant's current conviction are irrelevant to the determination that he is ineligible for resentencing under section 1170.18.

Defendant's equal protection claim is also not persuasive. "Persons convicted of *different* crimes are not similarly situated for equal protection purposes. [Citations.]" (*People v. Macias* (1982) 137 Cal.App.3d 465, 473.) " '[I]t is one thing to hold . . . that persons convicted of the *same crime* cannot be treated differently. It is quite another to hold that persons convicted of *different crimes* must be treated equally.' [Citation.]" (*People v. Jacobs* (1984) 157 Cal.App.3d 797, 803.) Here, defendant has failed to demonstrate that two similarly situated groups have been treated in an unequal manner by section 1170.18. That is, his claim of denial of equal protection is based upon the imposition of different levels of punishment upon defendants convicted of distinctly classified crimes.

**DISPOSITION**

We have examined the entire record and are satisfied defendant's appellate counsel has complied fully with his responsibilities.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278–284; *Wende*, *supra*, 25 Cal.3d at p. 443.)  The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

ALDRICH, Acting P. J.

HOGUE, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.